Tyler A. Brown (State Bar No. 121350)
Justin Barnes (*pro hac vice*)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California  94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Tyler.Brown@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWAFFORD,<br><br>              Plaintiff,<br><br>       v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>              Defendant. | Case No. 5:18-cv-04916-LHK<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Am. Complaint Filed: November 2, 2018<br>Trial Date:              December 13, 2019 |

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the remaining portions of the Amended Complaint filed by Plaintiff David Swafford ("Plaintiff") which were not dismissed by the Court's April 17, 2019 Order.

## INTRODUCTION

1.    IBM denies the allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2.    IBM denies the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.    IBM denies the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.    IBM denies the allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.    IBM admits that Plaintiff filed this action and seeks damages.  IBM denies the remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any remedy or relief in this action.

## PARTIES

6.    IBM admits the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7.    IBM admits the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

8.    IBM admits the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.    IBM admits the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.    IBM admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.    IBM denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

12.    IBM admits that IBM hired Plaintiff in 2009. IBM lacks sufficient knowledge or

1   information at this time to admit or deny the truth of the remaining allegations in Paragraph

2   12 of Plaintiff's Amended Complaint.

3          13.     IBM admits the allegations contained in Paragraph 13 of Plaintiff's Amended

4   Complaint.

5          14.     IBM admits that Plaintiff generally received satisfactory performance evaluations

6   and received various internal awards from IBM.  IBM denies the remaining allegations in

7   Paragraph 14 of Plaintiff's Amended Complaint.

8                **IBM Promised Mr. Swafford His Commissions Were Uncapped.**

9          15.     IBM admits that Plaintiff's compensation as a sales representative consisted of a

10  salary and commissions.  IBM admits that in 2016, Plaintiff was paid commissions for his 2016

11  achievement pursuant to the terms of his IPL.  IBM denies the remaining allegations in

12  Paragraph 15 of Plaintiff's Amended Complaint.

13         16.     IBM admits that PowerPoints and other educational materials were available

14  which discussed some of IBM's policies and procedures applicable to the payment of

15  commissions.  IBM denies the remaining allegations in Paragraph 16 of Plaintiff's Amended

16  Complaint.

17         17.     IBM admits the Plaintiff's IPL for the second half of 2016 ran from July 1, 2016

18  to December 31, 2016.  IBM denies the remaining allegations in Paragraph 17 of Plaintiff's

19  Amended Complaint.

20         18.     IBM admits that PowerPoints and other educational materials were available

21  which discussed some of IBM's policies and procedures applicable to the payment of

22  commissions.  IBM denies the remaining allegations in Paragraph 18 of Plaintiff's Amended

23  Complaint.

24         19.     IBM admits that a variety of PowerPoints were available to salespeople on IBM's

25  Incentives Workplace.  IBM further admits that PowerPoints and other educational materials

26  were available which discussed some of IBM's policies and procedures applicable to the

27  payment of commissions.  IBM denies the remaining allegations in Paragraph 19 of Plaintiff's

28  Amended Complaint.

20.     IBM denies the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.     IBM denies the allegations in Paragraph 21 of Plaintiff's Amended Complaint. Furthermore, the Court dismissed claims based upon the statements of IBM managers at sales meetings in its April 17, 2019 Order.  Accordingly, no response is required to the allegations in Paragraph 21 of Plaintiff's Amended Complaint related to statements by IBM managers at sales meetings.

22.     IBM admits that it informs managers not to make adjustments to commissions only as a ceiling or cap on the total earnings allowable to employees.  IBM denies the remaining allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23.     IBM admits that commissions may be adjusted to correct errors and that it informs managers not to make adjustments to commissions only as a ceiling or cap on the total earnings allowable to employees.  IBM denies the remaining allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24.     IBM denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

### **Mr. Swafford's Commission Payments Were Capped.**

25.     IBM admits that in 2016, Plaintiff worked on deals for IBM's customers, Oracle and Sabre, Inc.  IBM denies the remaining allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26.     IBM admits that the achievement attributable to Plaintiff during the second half of 2016, including the Oracle and Sabre deals was approximately $4,983,275, and that Plaintiff's quota for the second half of 2016 was $512,600.  IBM denies the remaining allegations in Paragraph 26 of Plaintiff's Amended Complaint.

27.     IBM denies the allegations in Paragraph 27 of Plaintiff's Amended Complaint.

28.     IBM admits that Plaintiff's commission payments were reviewed pursuant to the terms of his IPL.  IBM denies the remaining allegations in Paragraph 28 of the Amended Complaint.

29.     IBM denies the allegations in Paragraph 29 of Plaintiff's Amended Complaint.

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK

30.     Answering Paragraph 30 of Plaintiff's Amended Complaint, IBM states that the email attached to Plaintiff's Amended Complaint as Exhibit A speaks for itself.  IBM denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31.     IBM denies the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32.     IBM lacks sufficient knowledge or information at this time to admit or deny the truth of the allegation in Paragraph 32 of Plaintiff's Amended Complaint.

33.     IBM admits that Plaintiff's commission payments were reviewed pursuant to the terms of his IPL and that Plaintiff was paid commission payments in 2016.  IBM denies the remaining allegations in Paragraph 33 of the Amended Complaint.

34.     IBM admits that Plaintiff was paid commission payments in 2016.  IBM denies the remaining allegations in Paragraph 34 of Plaintiff's Amended Complaint.

35.     IBM denies the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Answering Paragraph 36 of Plaintiff's Amended Complaint, IBM states that the email attached to Plaintiff's Amended Complaint as Exhibit B speaks for itself.  IBM denies the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     IBM denies the allegations in Paragraph 37 of Plaintiff's Amended Complaint.

38.     IBM denies the allegations in Paragraph 38 of Plaintiff's Amended Complaint.

**Mr. Swafford Has Recently Learned That IBM Routinely Misrepresents That It Does Not Cap Commissions**

39.     IBM denies the allegations in Paragraph 39 of Plaintiff's Amended Complaint.

40.     IBM denies the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41.     IBM admits that the case *Bobby Choplin v. International Business Machines Corporation*, No. 16-cv-1412-TDS-JEP was resolved at the time Plaintiff filed his Amended Complaint. IBM further admits that Plaintiff and Bobby Choplin both had IPLs which contained disclaimers explaining, among other things, IBM's right to review and adjust commissions. IBM denies the remaining allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42.     IBM admits only that the plaintiff in the Choplin Action took four depositions: (1) a Rule 30(b)(6) deposition of IBM through corporate designee Richard Martinotti (the

1   transcript of which is attached as Exhibit C to Plaintiff's Amended Complaint); (2) a deposition

2   of Mr. Choplin's first-line manager, Tom Batthany (the transcript of which is attached as

3   Exhibit D to Plaintiff's Amended Complaint); (3) a deposition of Mr. Choplin's second-line

4   manager, Haleh Maleki (the transcript of which is attached as Exhibit E to Plaintiff's Amended

5   Complaint); and (4) a deposition of Mark Dorsey, a former IBM Vice President of Software

6   Sales (the transcript of which is attached as Exhibit F to Plaintiff's Amended Complaint).  The

7   deposition testimony in that case speaks for itself.  IBM denies the remaining allegations in

8   Paragraph 42 of the Amended Complaint.

9        43.     Answering Paragraph 43 and its subparts, IBM states that the deposition

10   testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context,

11   Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in

12   support of his claims.  IBM denies the remaining allegations in Paragraph 43 of Plaintiff's

13   Amended Complaint, including all subparts.

14        44.     Answering Paragraph 44 of Plaintiff's Amended Complaint, IBM states that the

15   deposition testimony and emails referenced by Plaintiff speak for themselves.  Moreover,

16   Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the

17   testimony and emails, and Plaintiff improperly relies on this testimony and emails in support

18   of his claims in this case.  IBM denies the remaining allegations in Paragraph 44 of Plaintiff's

19   Amended Complaint.

20        45.     Answering Paragraph 45 of Plaintiff's Amended Complaint, IBM states that the

21   email attached as Exhibit G to Plaintiff's Amended Complaint speaks for itself.  Moreover,

22   Plaintiff is taking the testimony and emails out of context, Plaintiff is misconstruing the

23   testimony and emails, and Plaintiff improperly relies on this testimony and emails in support

24   of his claims in this case.  IBM denies the remaining allegations in Paragraph 45 of Plaintiff's

25   Amended Complaint.

26        46.     Answering Paragraph 46 of Plaintiff's Amended Complaint, IBM states that the

27   deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of

28   context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK

testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 46 of Plaintiff's Amended Complaint.

47.     IBM denies the allegations in Paragraph 47 of Plaintiff's Amended Complaint.

48.     Answering Paragraph 48 and its subparts, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 48 of Plaintiff's Amended Complaint, including all subparts.

49.     Answering Paragraph 49 and its subparts, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 49 of Plaintiff's Amended Complaint, including all subparts.

50.     Answering Paragraph 50 of Plaintiff's Amended Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 50 of Plaintiff's Amended Complaint.

51.     Answering Paragraph 51 of Plaintiff's Amended Complaint, IBM states that the deposition testimony speaks for itself.  Moreover, Plaintiff is taking the cited testimony out of context, Plaintiff is misconstruing that testimony, and Plaintiff improperly relies on this testimony in support of his claims.  IBM denies the remaining allegations in Paragraph 51 of Plaintiff's Amended Complaint.

52.     Answering Paragraph 52 of Plaintiff's Amended Complaint, IBM states that the email attached as Exhibit H to Plaintiff's Amended Complaint speaks for itself.  IBM denies the remaining allegations in Paragraph 52 of Plaintiff's Amended Complaint.

53.     IBM denies the allegations in Paragraph 53 of Plaintiff's Amended Complaint.

**FIRST CLAIM FOR RELIEF**

7

**(Violations of California Labor Code)**

54.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

55.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

56.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

57.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

58.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

59.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

60.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

61.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

62.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

63.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

64.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

65.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

66.      The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK

67.     The Court dismissed this claim in its April 17, 2019 Order.  Therefore, IBM need not respond to the allegations contained in this Paragraph.

## SECOND CLAIM FOR RELIEF
### (Violation of the California Unfair Competition Law)

68.     IBM reasserts and incorporates its answers to Paragraphs 1 through 67 of Plaintiff's Amended Complaint as though fully restated herein.

69.     IBM denies the allegations in Paragraph 69 of Plaintiff's Amended Complaint.

70.     IBM states that California Business and Professions Code § 17200 speaks for itself.  IBM denies the remaining allegations in Paragraph 70 of Plaintiff's Amended Complaint.

71.     IBM denies the allegations in Paragraph 71 of Plaintiff's Amended Complaint and its subparts.

72.     IBM denies the allegations in Paragraph 72 of Plaintiff's Amended Complaint.

73.     IBM denies the allegations in Paragraph 73 of Plaintiff's Amended Complaint.

74.     IBM denies the allegations in Paragraph 74 of Plaintiff's Amended Complaint.

75.     IBM denies the allegations in Paragraph75 of Plaintiff's Amended Complaint.

76.     IBM admits that Plaintiff purports to seek to enjoin conduct by IBM.  IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his claims.

77.     IBM admits that Plaintiff seeks the relief set forth in Paragraph 77 of his Amended Complaint.  IBM denies Plaintiff is entitled to any remedy or relief in this action under any of his claims.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Misrepresentation)

78.     IBM reasserts and incorporates its answers to Paragraphs 1 through 77 of Plaintiff's Amended Complaint as though fully restated herein.

79.     IBM denies the allegations in Paragraph 79 of Plaintiff's Amended Complaint. IBM further states that the Court dismissed claims based upon the statements of executives and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is required to the allegations in Paragraph 79 of the Amended Complaint.

9

1    80.    IBM denies the allegations in Paragraph 80 of Plaintiff's Amended Complaint.

2    81.    IBM denies the allegations in Paragraph 81 of Plaintiff's Amended Complaint.

3  IBM further states that the Court dismissed claims based upon the statements of executives

4  and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is

5  required to the allegations in Paragraph 81 of the Amended Complaint.

6    82.    IBM denies the allegations in Paragraph 82 of Plaintiff's Amended Complaint.

7    83.    IBM denies the allegations in Paragraph 83 of Plaintiff's Amended Complaint.

8  IBM further states that the Court dismissed claims based upon the statements of executives

9  and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is

10  required to the allegations in Paragraph 83 of the Amended Complaint.

11    84.    IBM denies the allegations in Paragraph 84 of Plaintiff's Amended Complaint.

12    85.    IBM denies the allegations in Paragraph 85 of Plaintiff's Amended Complaint.

13    86.    IBM denies the allegations in Paragraph 86 of Plaintiff's Amended Complaint.

14  **FOURTH CLAIM FOR RELIEF**
15  **(Alternative Claim – Negligent Misrepresentation)**

16    87.    IBM reasserts and incorporates its answers to Paragraphs 1 through 86 of

17  Plaintiff's Amended Complaint as though fully restated herein.

18    88.    Answering Paragraph 88 of Plaintiff's Amended Complaint, IBM acknowledges

19  that Plaintiff purports to bring a claim for negligent misrepresentation in the alternative to his

20  third claim.  IBM denies Plaintiff is entitled to any remedy or relief in this action under any of

21  his claims.

22    89.    IBM denies the allegations in Paragraph 89 of Plaintiff's Amended Complaint.

23  IBM further states that the Court dismissed claims based upon the statements of executives

24  and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is

25  required to the allegations in Paragraph 89 of the Amended Complaint.

26    90.    IBM denies the allegations in Paragraph 90 of Plaintiff's Amended Complaint.

27  IBM further states that the Court dismissed claims based upon the statements of executives

28

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK

1  and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is

2  required to the allegations in Paragraph 90 of the Amended Complaint.

3      91.    IBM denies the allegations in Paragraph 91 of Plaintiff's Amended Complaint.

4  IBM further states that the Court dismissed claims based upon the statements of executives

5  and managers made at sales meetings in its April 17, 2019 Order.  Accordingly, no response is

6  required to the allegations in Paragraph 91 of the Amended Complaint.

7      92.    IBM denies the allegations in Paragraph 92 of Plaintiff's Amended Complaint.

8      93.    IBM denies the allegations in Paragraph 93 of Plaintiff's Amended Complaint.

9      94.    IBM denies the allegations in Paragraph 94 of Plaintiff's Amended Complaint.

10      95.    Answering Paragraph 95 of Plaintiff's Amended Complaint, IBM admits that it

11  had an obligation to provide Plaintiff with accurate information regarding his compensation.

12  IBM further states that it complied with its obligations to provide Plaintiff with accurate

13  information regarding his compensation by, among other things, providing him with detailed

14  IPLs outlining the terms of his commission payments.  IBM denies any implication that it did

15  not comply with any obligation to provide Plaintiff with accurate information regarding

16  compensation and denies the remaining allegations contained in Paragraph 95 of Plaintiff's

17  Amended Complaint.

18      96.    IBM denies the allegations in Paragraph 96 of Plaintiff's Amended Complaint.

19      97.    IBM denies the allegations in Paragraph 97 of Plaintiff's Amended Complaint.

20      98.    IBM denies the allegations in Paragraph 98 of Plaintiff's Amended Complaint.

21  **FIFTH CLAIM FOR RELIEF**

22  **(Alternative Claim – Quantum Meruit)**

23      99.    IBM reasserts and incorporates its answers to Paragraphs 1 through 98 of

24  Plaintiff's Amended Complaint as though fully restated herein.

25      100.    IBM denies the allegations in Paragraph 100 of Plaintiff's Amended Complaint.

26      101.    IBM denies the allegations in Paragraph 101 of Plaintiff's Amended Complaint.

27      102.    IBM denies the allegations in Paragraph 102 of Plaintiff's Amended Complaint.

28  **SIXTH CLAIM FOR RELIEF**

DEFENDANT'S ANSWER AND DEFENSES      Case No.: 5:18-cv-04916-LHK

**(Unjust Enrichment)**

103.   IBM reasserts and incorporates its answers to Paragraphs 1 through 102 of Plaintiff's Amended Complaint as though fully restated herein.

104.   IBM denies the allegations in Paragraph 104 of Plaintiff's Amended Complaint.

105.   IBM denies the allegations in Paragraph 105 of Plaintiff's Amended Complaint.

106.   IBM denies the allegations in Paragraph 106 of Plaintiff's Amended Complaint.

107.   IBM denies the allegations in Paragraph 107 of Plaintiff's Amended Complaint.

108.   IBM denies the allegations in Paragraph 108 of Plaintiff's Amended Complaint.

**SEVENTH CLAIM FOR RELIEF**
**(Punitive Damages)**

109.   IBM reasserts and incorporates its answers to Paragraphs 1 through 108 of Plaintiff's Amended Complaint as though fully restated herein.

110.   IBM denies the allegations in Paragraph 110 of Plaintiff's Amended Complaint.

111.   IBM denies the allegations in Paragraph 111 of Plaintiff's Amended Complaint.

112.   IBM denies the allegations in Paragraph 112 of Plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

IBM denies that Plaintiff is entitled to any relief sought in his Prayer for Relief including subparagraphs 1 through 8, or to any relief whatsoever.

**JURY DEMAND**

IBM admits Plaintiff demands a trial by jury but denies Plaintiff is entitled to any remedy or relief in this action.

**GENERAL DENIAL**

IBM denies every allegation of the Amended Complaint not expressly admitted in this Answer.

**AFFIRMATIVE AND OTHER DEFENSES[1]**

In addition to the foregoing admissions and denials, IBM asserts the following defenses.

---

[1] By pleading any matter as a defense, IBM does not concede that it bears the burden of proof with regard to such matter.

The factual bases for the following defenses are set forth in further detail in the foregoing responses to the allegations contained in the Complaint, which are re-alleged and incorporated herein by reference.

### FIRST DEFENSE

As set forth in IBM's Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff's Amended Complaint fails, in whole or in part, to state claims for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because IBM has, at all times, acted reasonably and in good faith.  IBM engaged in good faith efforts to comply with all federal and state laws and, therefore, cannot be held liable for punitive damages, liquidated damages, or costs of litigation, including attorney's fees.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because IBM had and retained the sole and unlimited discretion to determine and adjust any commission payments made to Plaintiff.

### FIFTH DEFENSE

Plaintiff's Amended Complaint fails to state any fact that would entitle Plaintiff to recovery of any punitive damages, compensatory damages, attorneys' fees, or costs from IBM.

### SIXTH DEFENSE

Plaintiff's claims are barred pursuant to the United States Constitution and the California Constitution to the extent provisions of the California Labor Code impose double penalties and violate the due process rights of Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Defendant of property without due process of law; further, the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning Equal Protection; further said claim is violative of the provisions of the California Constitution in denying equal protection and in depriving Defendant of property without due process of law; and the punitive damages claim is further in violation of the Eighth Amendment of the Constitution of the United States and in violation of the California Constitution prohibiting the imposition of excessive fines.

## EIGHTH DEFENSE

Plaintiff's claims fail, in whole or in part, because IBM notified Plaintiff clearly and in writing of its policies and practices concerning the calculation of commissions and when such commissions were earned, in compliance with California law.

## NINTH DEFENSE

Plaintiff's claims fail because IBM paid Plaintiff all compensation owed to Plaintiff.

## TENTH DEFENSE

Plaintiff's Amended Complaint as a whole, and each purported cause of action therein, are barred to the extent that it was not filed within the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure §§ 338(a), 339, and 343.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK

because IBM did not willfully, knowingly, and intentionally violate the requirements of the California Labor Code.

### TWELFTH DEFENSE

Plaintiff's claims under Business and Professions Code Section 17200, *et seq.* are barred to the extent he lacks standing to sue pursuant to Business and Professions Code Sections 17203 and 17204, because Plaintiff has not demonstrated any fact beyond a simple recitation of the legal elements of the claims.

### THIRTEENTH DEFENSE

IBM alleges that the Amended Complaint, and each alleged cause of action therein, is barred in whole or in part by Sections 2854, 2856, 2858, and 2859 of the California Labor Code, respectively, because Plaintiff failed to:  (1) use ordinary care and diligence in the performance of his duties, (2) comply substantively with the reasonable directions of his employer, (3) exercise a reasonable degree of skill in performing his duties, and (4) perform his job duties in a proper and skillful manner.

### FOURTEENTH DEFENSE

IBM reserves the right to add any defenses, affirmative defenses, or counter claims as appropriate under the applicable rules.

**WHEREFORE**, having fully answered the Amended Complaint, IBM respectfully requests:

1.  Plaintiff have and recover nothing of IBM by way of this action;

2.  Judgment be entered in favor of IBM for all costs and attorneys' fees incurred in the defense of this action; and

3.  IBM have and recover such other and further relief as this Court may deem

15

1  just and proper.

2

3

4  Dated:  May 1, 2019                    JACKSON LEWIS P.C.

5                                  By:    /s/ *Tyler A. Brown*
6                                         Tyler A. Brown
                                          Justin Barnes (*pro hac vice*)
7                                         Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND DEFENSES                    Case No.: 5:18-cv-04916-LHK